IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSE A. BONNICHSEN,                     3:11-CV-00872-BR

      Plaintiff,                     OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

      Defendant.


**JAMES S. COON**
Swanson Thomas & Coon
820 S.W. Second Avenue
Suite 200
Portland, OR 97204
(503) 228-5222

      Attorneys for Plaintiff


1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA  98104
(206) 615-3621

         Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Jesse A. Bonnichsen seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on January 12, 2007,

2 - OPINION AND ORDER

alleging a disability onset date of May 23, 2005.  Tr. 140, 160.[1]
The application was denied initially and on reconsideration.  An
Administrative Law Judge (ALJ) held a hearing on August 17, 2010.
Tr. 29-50.  At the hearing Plaintiff was represented by an
attorney.  Plaintiff and a vocational expert (VE) testified.

    The ALJ issued a decision on September 17, 2010, in which
she found Plaintiff is not disabled and, therefore, is not
entitled to benefits.  Tr. 12-28.  Pursuant to 20 C.F.R.
§ 404.984(d), that decision became the final decision of the
Commissioner on May 26, 2011, when the Appeals Council denied
Plaintiff's request for review.


#### BACKGROUND

    Plaintiff was born on January 1, 1982, and was 28 years old
at the time of the hearing.  Tr. 160.  Plaintiff completed high
school.  Tr. 23.  Plaintiff has past relevant work experience as
an automobile repairman, a maintenance supervisor, spreader
operator, motorcycle assembler, service writer, and supervisory
autobody repairman.  Tr. 23.

    Plaintiff alleges disability due to irritable bowel syndrome
(IBS) and Crohn's Disease.  Tr. 164, 181, 188.

    Except when noted, Plaintiff does not challenge the ALJ's

---

[1] Citations to the official transcript of record filed by
the Commissioner on December 16, 2011, are referred to as "Tr."

3 - OPINION AND ORDER

summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  See Tr. 18-20.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal

quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins*, 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R.

5 - OPINION AND ORDER

§ 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Soc. Sec. Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the

6 - OPINION AND ORDER

sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

**ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff is currently engaging in substantial gainful activity that began on November 26, 2009, but that "there has been a continuous 12-month period(s) during which [Plaintiff] did not engage in substantial gainful activity."  Tr. 15.  The ALJ, therefore, noted her "remaining findings address the period(s) [Plaintiff] did not engage in substantial gainful activity."  Tr. 15.

At Step Two, the ALJ found Plaintiff has the severe impairments of IBS and Crohn's Disease.  Tr. 16.  The ALJ found Plaintiff's medically determinable impairment of gastrointestinal reflux disease (GERD) is not severe.  Tr. 16.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 240.  The ALJ found Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) "except [Plaintiff] requires ready access to the bathroom."  Tr. 16.

At Step Four, the ALJ found Plaintiff is incapable of performing his past relevant work.  Tr. 23.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 23.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he improperly rejected the lay-witness testimony of Todd Fortier, Plaintiff's current employer.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members.").

Fortier submitted a letter dated August 18, 2010, in which he writes Plaintiff has worked for him since December 2009. Tr. 238.  Fortier notes he "was very much aware of [Plaintiff's] health problems" when he hired Plaintiff.  *Id*.  In addition,

> [Plaintiff] is a very good worker, when he can work.  I let him work at his own pace and do what he can.  He has to take extra breaks above the usual lunch and two short breaks anywhere from 2 to 8 times a da.  The breaks can last anywhere from 10 minutes to half an hour, depending on how sick he is that day.  If it gets to be more than 8, he gives up and goes home.  Even with all the extra breaks and such he misses a lot of whole days too, including 11 just last month.

Tr. 238.  Fortier concludes he "really likes [Plaintiff] . . . I give him a lot of grace I would never give to anyone else.  If [Plaintiff] was just a random guy I hired . . . I would have

9 - OPINION AND ORDER

fired him real quick."  Tr. 238.

The ALJ accepted Fortier's "statement regarding [Plaintiff's] absences," but concluded an additional limitation on Plaintiff's RFC was "not warranted" and found Plaintiff is not disabled.  The ALJ found Fortier's statement as to Plaintiff's ability to work was contradicted by the medical evidence.  In particular, the ALJ noted Plaintiff's treating gastroenterologist, Peter Kay, M.D., refused to provide a note stating Plaintiff was unable to work in order for Plaintiff to obtain food stamps on two occasions in late 2009.  Tr. 415, 416.  In his August 2009 chart notes, Dr. Kay reported Plaintiff "has Crohn's, but it doesn't mean he can't necessarily work if his Crohn's is controlled."  Tr. 417.  Similarly, Dr. Kay explained in his September 2009 chart notes:  "Unfortunately I am not comfortable with writing a letter that states 'he cannot hold a job due to his GI symptoms.'  In my opinion his Crohn's is not a reason not to work/find a job."  Tr. 416.  In addition, in January 2010, DeWayde C. Perry, M.D., examining physician, concluded Plaintiff did not have any limitations on his ability to work.  Tr. 395-96.

Finally, Fortier's understanding and assessment of Plaintiff's need to take breaks and his inability to come to work was based on Plaintiff's self-reports.  The ALJ, however, found Plaintiff not to be credible as to the "intensity, persistence and limiting effects of [his] symptoms" and Plaintiff does not

10 - OPINION AND ORDER

challenge that finding.

The Court concludes on this record that the ALJ did not err when she found Fortier's statements regarding Plaintiff's alleged limitations did not require modification of the ALJ's evaluation of Plaintiff's RFC or provide a basis for changing the ALJ's conclusion that Plaintiff is disabled because the ALJ provided legally sufficient reasons supported by the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 2nd day of July, 2012.

　　　　　　　　　　　　　　　　　　/s/ Anna J. Brown
　　　　　　　　　　　　　　　　　ANNA J. BROWN
　　　　　　　　　　　　　　　　　United States District Judge